Filed 2/16/21  P. v. Williamson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

|  |  |
|---|---|
| THE PEOPLE, | C091751 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 19F134) |
| TIMOTHY MICHAEL WILLIAMSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Timothy Michael Williamson asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Trinity County Sheriff's Deputy Jacob Hess contacted defendant when he was sitting in a silver SUV after Hess received a report of an individual looking through windows in the area and getting into a silver SUV.  Defendant was in the car with Jessica S. -- who was pregnant with defendant's child and had a restraining order

1

protecting her from contact with defendant -- to discuss issues related to their expected child.

Deputy Hess asked defendant for his name and date of birth and defendant provided false information. Deputy Hess suspected the information was false and was aware of a warrant out for defendant's arrest, so he asked defendant to get out of the vehicle. Defendant initially complied but then attempted to run away. Deputy Hess tried to restrain defendant and the two struggled before two California Highway Patrol officers arrived and helped arrest defendant. Deputy Hess had cuts on his knees, an injury to the tendon in his right hand, and two black eyes from the struggle with defendant.

Defendant was charged with two felonies, battery against a peace officer (Pen. Code, § 243, subd. (c)(2)) and aggravated resisting of an executive officer in the performance of a duty (Pen. Code, § 69), along with two misdemeanors, providing false information to a peace officer (Pen. Code, § 148.9, subd. (a)) and disobeying a domestic relations order (Pen. Code, § 273.6, subd. (a)). Defendant was held to answer on all charges except for the disobeying a domestic relations order.

The jury found defendant guilty of aggravated resisting an executive officer and providing false information. The jury could not reach a verdict on the battery against a peace officer charge, so the trial court declared a mistrial as to that charge.

The trial court sentenced defendant to the upper term of three years for the felony resisting an officer conviction and a concurrent six months for the misdemeanor false information conviction. The trial court dismissed the battery against a peace officer charge.

Defendant did not obtain a certificate of probable cause.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of

2

the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

/S/
MAURO, Acting P. J.

We concur:

/S/
DUARTE, J.

/S/
KRAUSE, J.

3